UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. GRIMALDI, D.O., INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM RESTIS, and JULIE RESTIS,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv691-CAB-BLM<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Doc. No. 3]** |

On April 10, 2020, Plaintiff John A. Grimaldi, D.O, Inc. ("Plaintiff") filed a complaint against Defendants William Restis and Julie Restis ("Defendants") for (1) Violation of the Computer Fraud and Abuse Act; (2) Violation of the Computer Data Access and Fraud Act; (3) Fraud; (4) Breach of Contract; (5) Tortious Interference with Contract; (6) Trespass; (7) Misappropriation of Trade Secrets; and (8) Declaratory Judgment. [Doc. No. 1.] On the same date, Plaintiff also filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, by which Plaintiff sought to restrain Defendants from "using, disclosing, or otherwise making accessible to any person [] Protected Health Information ["PHI"] and/or Personally Identifying Information ["PII"] of Plaintiff's patients" that Defendants accessed from

Plaintiff's Electronic Medical Records System ("EMR") without authorization on or around February 20 and March 2, 2020." [Doc. No. 3.]

On April 10, 2020, District Judge Sammartino granted the Ex Parte Application for a Temporary Restraining Order and set a briefing schedule and hearing for a Preliminary Injunction. [Doc. No. 4.] On April 16, 2020, Defendants filed an opposition to the ex parte application. [Doc. Nos. 10, 11.] On April 17, 2020, the case was transferred to District Judge Bencivengo. [Doc. No. 12.] On April 20, 2020, Plaintiff filed a reply to the opposition. [Doc. No. 15.]

On April 23, 2020 the Court held a telephonic hearing regarding what is now a motion for preliminary injunction. Charles S. LiMandri, Esq., John Hilary Barkley, Esq., and Paul Michael Jonna, Esq. appeared on behalf of Plaintiff. Douglas A. Pettit, Esq. appeared on behalf of Defendant William Restis. William Richard Restis, Esq. appeared on behalf of Defendant Julie Restis. For the reasons stated at the hearing, and as set forth below, the motion for preliminary injunction is **DENIED**.

## DISCUSSION

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this 'extraordinary remedy.'") (quoting *Winter*, 555 U.S. at 24). It is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "The grant or denial of a motion for a preliminary injunction lies within the discretion of the district court." *Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1429 (9th Cir. 1995).

In *Winter*, the Supreme Court held that a plaintiff seeking a preliminary injunction must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer

irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  The Ninth Circuit balances these "Winter factors" using a "sliding scale" approach, where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  However, *Winter* "requires the plaintiff to make a showing on all four prongs." *Id*. at 1135.

For the reasons stated during the telephonic hearing, Plaintiff has failed to establish a likelihood of success on the merits or irreparable harm and, therefore, is not entitled to a preliminary injunction.  There is no admissible evidence of violation of the Computer Fraud and Abuse Act because Defendant Julie Restis was given access to Plaintiff's EMR.  There is no admissible evidence of misappropriation of trade secrets, as the only admissible evidence before the Court is that Defendant Julie Restis used the information for a protected activity (filing a complaint with the Medical Review Board).  In addition, Plaintiff failed to establish irreparable harm, as Defendants have stated under oath that they are not in possession of any Protected Health Information related to Plaintiff's patients.[1] Given that Plaintiff has failed to make a showing on at least two of the *Winter* prongs, the motion for preliminary injunction is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction is **DENIED**.

It is **SO ORDERED**.

Dated:  April 23, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Should evidence surface that Defendants' representations are false, Plaintiff is free to bring the appropriate motion for sanctions.